TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00055-CV






L.C., Appellant


v.


The Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-06-000484, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING





C O N C U R R I N G O P I N I O N


 I join in the majority's analysis and conclusion.

 I write separately to express the view that the current system set up by rule by
Child Protective Services to investigate and designate individuals as perpetrators of child abuse, and
then to place their names in a registry of child abusers without any real means for the individuals to
contest the proceedings or obtain timely judicial review, is not merely suspect--it is ill-conceived. 
This case is an illustration. It is noteworthy that the complaint to CPS here was the product of a
contentious divorce and custody fight, and L.C. has not had an opportunity to try or judicially contest
the issue of whether she is appropriately labeled a child abuser, (1) or confront or cross-examine any
witness against her. While not rising to the level of a constitutional due process violation, these
procedures should be re-evaluated by the Texas Department of Family and Protective Services and/or
the Texas Legislature.

 A child abuse registry is an important and useful tool. However, it is also a powerful
tool--one that can do great, unwarranted harm to an individual who is designated as a child abuser
without appropriate justification.

 If CPS believes an individual should be designated as a "perpetrator of child abuse,"
then CPS should pursue such a designation openly and forthrightly, providing a procedural
mechanism for the concerned individual to contest the designation beyond the confines of CPS at the
time the designation is made. Providing a forum for contesting the designation potentially years after
the fact could, as a practical matter, eliminate the ability of an individual to effectively contest the
designation, simply due to the passage of time--e.g. loss of witnesses, loss of evidence, or fading
memories. It also has the potential to inflict the harm of being in the registry for years on a person
who, if he or she could contest the matter, would not be in the registry at all. Telling a concerned
parent that he or she will be designated a child abuser and that his or her name will be included in
a "confidential" child abuse registry for an indefinite period of time before the parent can obtain
meaningful review of the designation is not the sort of process that Texas citizens typically expect
or should expect.



 The Texas Department of Family and Protective Services can amend this process by
rule, and should do so. To the extent the Department fails to do so, the Texas Legislature should
exercise its authority to review and improve the procedures associated with the child abuse registry. 



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Puryear, Pemberton and Waldrop

Filed: November 13, 2009

1. There is substantial evidence in the record to suggest that L.C., a licensed physician, might
well obtain a different conclusion regarding her designation as a "perpetrator of child abuse" if she
were allowed to contest the matter outside the confines of the CPS bureaucratic process.